UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PATRICE/PARTICE DORCIL,

                Plaintiff,            **MEMORANDUM AND ORDER**
                                                                             17-CV-5546 (RRM) (PK)

           -against-

RIKERS ISLAND OBCC OTIS BANTUM
CORRECTION CENTER,

                Defendant.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

      On September 18, 2017, while incarcerated at the Otis Bantum Correctional Center ("OBCC") – a facility located on Rikers Island and operated by the New York City Department of Correction – plaintiff Patrice Dorcil, a/k/a Partice Dorcil, commenced the instant *pro se* action pursuant to 42 U.S.C. § 1983. Although the caption of Dorcil's pleading names "Rikers Island OBCC Otis Bantum Correction Center" as the only defendant, the body of the complaint names others: a Correction Officer Lewis, Shield No. 14494, and a "Special Search Team." Plaintiff's request to proceed *in forma pauperis* is granted but Dorcil's claim against Rikers Island, OBCC, is dismissed. The United States Marshals Service is directed to serve the summons and complaint upon defendant Correction Officer Lewis, Shield No. 14494, without prepayment of fees, and the Court requests that the Corporation Counsel of the City of New York ascertain the full names of the corrections officers comprising the "Special Search Team."

**I. Background**

      In his complaint (Doc. No. 1), Dorcil principally alleges that defendants violated his constitutional rights by denying him the right to freely practice his Rastafarian faith while incarcerated. Specifically, Dorcil alleges that on May 19, 2016, Officer Lewis ordered him to remove a "religious cap." (Compl., p. 4). Although Dorci explained to Lewis that the cap was part of his religion – comparable to a yarmulke or a Kufi – the cap was confiscated and he received a property voucher for the item. (*Id.*).

On August 17, 2017, Dorci was strip-searched by unnamed officers from the "Special Search Team." (*Id.*). The officers ordered him to remove a bracelet. (*Id.*). Dorci told the officers that the bracelet held religious significance, and that he did not consent to its removal. (*Id.*). However, the officers informed plaintiff that they did not recognize Rastafarian as a religion and forcibly removed the bracelet. (*Id.*). Plaintiff is seeking equal rights as a Rastafarian.

## II. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. Discussion

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Rikers Island and the OBCC are non-suable entities under § 1983. Rikers Island and the OBCC are not persons within the meaning of § 1983 and, as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently. *Bromfield v. New York*, No. 15-CV-3529, 2016 WL 2917611, at *3 (E.D.N.Y. May 18, 2016); *Calderon v. AMKC C-95*, No. 14-CV-6872, 2015 WL 1886981, at *2 (E.D.N.Y. Apr. 24, 2015); *Farray v. Riker's Island Corr. Facility*, No. 12-CV-4717, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012). Accordingly, Dorci's claim against Rikers Island, OBCC, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

### CONCLUSION

Plaintiff Dorci's claim against defendant Rikers Island, OBCC, is dismissed. *See* 28 U.S.C. § 1915A. No summons shall issue as to this defendant. The United States Marshals Service is directed to serve a summons and the complaint upon defendant Correction Officer Lewis, Shield No. 14494, without prepayment of fees. In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby requests the Corporation Counsel of the City of New York to ascertain the full names of the correction officers comprising the "Special Search Team" involved in the alleged August 17, 2017, incident. Corporation Counsel

is to provide the full names of the corrections officers and the addresses where these individuals can currently be served within thirty (30) days from the date of this Order. Once they have been identified, Dorci's complaint shall be deemed amended to include these corrections officers as defendants, summonses shall issue as to these defendants, and the Court shall direct the United States Marshals Service to serve them. However, the Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture.

The action is referred to Magistrate Judge Peggy Kuo for pretrial supervision. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff at the address listed on the docket and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 4, 2019

/S/ Judge Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge