UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

Patrice/Partice Dorcil,

                           Plaintiff,

        -against-

Officer Lewis, et al.,

                           Defendants.

------------------------------------------------------- x

17 CV 5546 (RRM) (PK)

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS OFFICER MELVINE LEWIS AND CAPTAIN PATRICK REMY**

**JURY TRIAL DEMANDED**

Defendants Officer Melvine Lewis and Captain Patrick Remy by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

**IN RESPONSE TO SECTION I OF THE COMPLAINT**

       1.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section I(A) of the Complaint, except admit that plaintiff was an inmate at the Otis Bantum Correctional Center ("OBCC") on or about May 19, 2016, and August 17, 2017.

       2.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section I(B) of the Complaint, except admit that Officer Melvine Lewis, Shield #14494, was employed as a Correction Officer at OBCC on or about May 19, 2016, and Captain Patrick Remy, Shield #572, was employed as a Special Search Team Captain on or about August 17, 2017.

## IN RESPONSE TO SECTION II OF THE COMPLAINT[1]

      3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

      4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

      5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

      6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

      7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

      8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that on or about August 17, 2017, at approximately 7:00 a.m., a search of OBCC Dorms 6LB and 3LB was conducted.

      9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

      10.      Deny the allegations set forth in paragraph "8" of the Complaint.

      11.      Deny the allegations set forth in paragraph "9" of the Complaint.

      12.      The allegations set forth in paragraph "10" of the Complaint do not appear to assert allegations of fact to which a response is required.

---

[1] For the Court's convenience, defendants have divided and labeled plaintiff's Complaint at Section II into paragraphs labeled "1" through "11." The Annotated Complaint is attached as Exhibit "1."

13. To the extent paragraph "11" of the Complaint sets forth conclusions of law, no response is required, to the extent it sets forth allegations of fact, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

### IN RESPONSE TO SECTION II(A) OF THE COMPLAINT

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section II(A) of the Complaint.

### IN RESPONSE TO SECTION III OF THE COMPLAINT

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section III of the Complaint, except admit that plaintiff purports to seek the relief as stated therein.

### IN RESPONSE TO PLAINTIFF'S ATTACHED DOCUMENTS[2]

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "A" of the Complaint.

17. To the extent Exhibit "B" of the Complaint sets forth conclusions of law, no response is required, to the extent it sets forth allegations of fact, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "C" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "D" of the Complaint.

20. To the extent Exhibit "E" of the Complaint sets forth conclusions of

---

[2] For the Court's convenience, defendants labeled the exhibits attached to plaintiff's Complaint as Exhibit "A" through Exhibit "J".

law, no response is required, to the extent it sets forth allegations of fact, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "F" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "G" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "H" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "I" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Exhibit "J" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

26. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

27. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants Lewis and Remy.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

28. Defendants Lewis and Remy have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of Civil Rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

29. Punitive damages cannot be received against any defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

30. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

31. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

32. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

33. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

34. Plaintiff provoked any incident.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

35. Plaintiff may have failed to mitigate damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

36. To the extent that the Complaint alleges any claims arising under New

York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

37. Defendants Officer Lewis and Captain Remy have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

38. Some or all of plaintiff's claims may be barred by his failure to exhaust his administrative remedies under the Prison Litigation Reform Act.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

39. Plaintiff failed to comply, in whole or in part, with all conditions precedent to suit.

**WHEREFORE,** defendants Officer Lewis and Captain Remy demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, New York
January 21, 2020

Respectfully submitted,

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
(212) 356-3541


By: /s/ *Giancarlo Martinez*

Giancarlo Martinez
Assistant Corporation Counsel
*Attorney for Defendants Lewis & Remy*


cc: **BY FIRST CLASS MAIL**
Patrice Dorcil, #18-A-2162
*Plaintiff Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929